**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| **CHARITY PRAWITZ**, an individual, and **ADAM PRAWITZ**, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF CAPE CORAL CHARTER SCHOOL AUTHORITY**,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No.  2:19-cv-552**<br><br>**Judge:**<br><br>**Mag. Judge:** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COME the Plaintiffs, **CHARITY PRAWITZ** ("**C. PRAWITZ**") and **ADAM PRAWITZ** ("**A. PRAWITZ**")(collectively "Plaintiffs"), by and through undersigned counsel, and states the following for their Complaint:

**CAUSES OF ACTION**

1.      This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII) and the Florida Civil Rights Act of 1992 (FCRA) for (1) retaliation in violation of Title VII, and (2) retaliation in violation of the FCRA.

**PARTIES**

2.      The Plaintiff, **C. PRAWITZ**, is an individual who at all material times resided in Lee County, Florida, and who worked for the Defendant in Lee County, Florida.

3.      The Plaintiff, **A. PRAWITZ**, is an individual who at all material times resided in Lee County, Florida, and who worked for the Defendant in Lee County, Florida.

4.      Defendant, **CITY OF CAPE CORAL CHARTER SCHOOL AUTHORITY** ("**SCHOOL**") was established in 2004 through Ordinance 41-04 by the City of Cape Coral, Florida and operates Oasis High School, which is where the Plaintiffs were both employed. **SCHOOL** is an employer under Title VII and the FCRA.

5.      At all material times, **SCHOOL** employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction of this matter under 28 U.S.C. §1331.

7.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiffs' claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

9.      **C. PRAWITZ** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on May 13, 2019 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.)

10.     **A. PRAWITZ** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on May 13, 2019 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit B.)

## GENERAL ALLEGATIONS

11.     **C. PRAWITZ** was hired by **SCHOOL** in or about August 2012 and was a teacher.

12.     **C. PRAWITZ** is a member of a protected class as a female person.

13.     **C. PRAWITZ** always performed her assigned duties in a professional manner and was very well qualified for her position.

14.     **C. PRAWITZ** always received good to very good performance reviews from **SCHOOL** until she complained of sexual harassment.

15.     In or about December 2017, **C. PRAWITZ** objected to sexual harassment by her students and reported the same to the **SCHOOL**'s principal.

16.     When the principal initially took no action, **C. PRAWITZ** reported it again, this time to the superintendent.

17.     **C. PRAWITZ**'s employment was then threatened by the principal because she "went over his head" by reporting the sexual harassment.

18.     The retaliation then worsened and **C. PRAWITZ** filed grievances to try to get it to stop, but to no avail and her employment was again threatened.

19.     On December 20, 2017, the **SCHOOL** suddenly accused **C. PRAWITZ** of mishandling money.

20.     The **SCHOOL** then placed **C. PRAWITZ** on administrative leave and ultimately terminated her on January 23, 2018, within a few weeks of her continued objections to sexual harassment.

21.     **A. PRAWITZ**, who is the spouse of **C. PRAWITZ**, was also a teacher at the **SCHOOL**.

22.     **SCHOOL** continued its retaliation against **C. PRAWITZ** by terminating her husband, **A. PRAWITZ** on January 23, 2018 as well.

23.     **A. PRAWITZ** was not provided a reason for his termination by the **SCHOOL** and his employment had not been threatened prior to his wife's engaging in statutorily protected activity by objecting to sexual harassment.

24.     As a direct result of **C. PRAWITZ**'s repeated objections to sexual harassment, the **SCHOOL** terminated **C. PRAWITZ** and her husband, **A. PRAWITZ**.

25.     **SCHOOL** has violated Title VII and the FCRA.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- RETALIATION- C. PRAWITZ

26.     Plaintiff incorporates by reference Paragraphs 1-25 of this Complaint as though fully set forth below.

27.     **C. PRAWITZ** is a female a person and, as such, is a member of a protected class.

28.     At all material times, **C. PRAWITZ** was an employee and **SCHOOL** was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

29.     **C. PRAWITZ** was qualified for the positions that she held with **SCHOOL**.

30.     **C. PRAWITZ** endured continuous sexually explicit comments, harassment, inappropriate discipline, disparate treatment and inappropriate threats on her employment while employed with **SCHOOL**, thereby altering the terms and conditions of her employment and creating a hostile work environment, which, after **C. PRAWITZ** complained, caused the separation of her employment with the **SCHOOL**.

31.     **C. PRAWITZ** complained to **SCHOOL** about the sexual harassment, hostile environment, violation of policies and retaliation, and **SCHOOL** clearly observed her growing discomfort concerning the same.

32.     **C. PRAWITZ** 's complaints constitute a protected activity because her complaints were concerning an unlawful activity of **SCHOOL**.

33.     Said protected activity was the proximate cause of **SCHOOL**'s negative employment actions against **C. PRAWITZ** which created a working environment that was toxic.

34.     Instead of preventing said treatment, **SCHOOL** retaliated against **C. PRAWITZ**.

35.     The acts, failures to act, practices and policies of **SCHOOL** set forth above constitute retaliation in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

36.      As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, **C. PRAWITZ** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

37.     As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **C. PRAWITZ** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

38.     As a direct and proximate result of **SCHOOL**'s actions, **C. PRAWITZ** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

39.     **C. PRAWITZ** has exhausted her administrative remedies and this count is timely brought.

5

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.      Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.      Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.      Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.      Reasonable attorney's fees plus costs;

vii.      Compensatory damages, and;

viii.      Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- RETALIATION- A. PRAWITZ

40.      Plaintiff incorporates by reference Paragraphs 1-25 of this Complaint as though fully set forth below.

41.      **A. PRAWITZ** is the spouse of **C. PRAWITZ**, who is a female a person and, as such, is a member of a protected class.

6

42.     At all material times, both **A. PRAWITZ** and **C. PRAWITZ** were employees and **SCHOOL** was their employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

43.     **A. PRAWITZ** was qualified for the positions that he held with **SCHOOL**.

44.     **C. PRAWITZ** endured continuous sexually explicit comments, harassment, inappropriate discipline, disparate treatment and inappropriate threats on her employment while employed with **SCHOOL**, thereby altering the terms and conditions of her employment and creating a hostile work environment, which, after **C. PRAWITZ** complained, caused the separation of her employment with the **SCHOOL**.

45.     **C. PRAWITZ** complained to **SCHOOL** about the sexual harassment, hostile environment, violation of policies and retaliation, and **SCHOOL** clearly observed her growing discomfort concerning the same.

46.     **C. PRAWITZ** 's complaints constitute a protected activity because her complaints were concerning an unlawful activity of **SCHOOL**.

47.     Said protected activity was the proximate cause of **SCHOOL**'s negative employment actions against **A. PRAWITZ** which created a working environment that was toxic.

48.     Instead of preventing said treatment, **SCHOOL** retaliated against **A. PRAWITZ**.

49.     The acts, failures to act, practices and policies of **SCHOOL** set forth above constitute retaliation in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

50.      As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, **A. PRAWITZ** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

51.     As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **A. PRAWITZ** is entitled to all relief necessary to make him whole as provided for under 42 USC § 2000e et seq.

52.     As a direct and proximate result of **SCHOOL**'s actions, **A. PRAWITZ** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

53.     **A. PRAWITZ** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages, and;

viii.   Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992-RETALIATION – C. PRAWITZ

54.     Plaintiff incorporates by reference Paragraphs 1-25 of this Complaint as though fully set forth below.

55.     **C. PRAWITZ** is a female a person and, as such, is a member of a protected class.

56.     At all material times, **C. PRAWITZ** was an employee and **SCHOOL** was her employer covered by and within the meaning of the FCRA.

57.     **C. PRAWITZ** was qualified for the positions that she held with **SCHOOL**.

58.     **C. PRAWITZ** endured continuous sexually explicit comments, harassment, inappropriate discipline, disparate treatment and inappropriate threats on her employment while employed with **SCHOOL**, thereby altering the terms and conditions of her employment and creating a hostile work environment, which, after **C. PRAWITZ** complained, caused the separation of her employment with the **SCHOOL**.

59.     **C. PRAWITZ** complained to **SCHOOL** about the sexual harassment, hostile environment, violation of policies and retaliation, and **SCHOOL** clearly observed her growing discomfort concerning the same.

60.     **C. PRAWITZ** 's complaints constitute a protected activity because her complaints were concerning an unlawful activity of **SCHOOL**.

61.     Said protected activity was the proximate cause of **SCHOOL**'s negative employment actions against **C. PRAWITZ** which created a working environment that was toxic.

62.     Instead of preventing said treatment, **SCHOOL** retaliated against **C. PRAWITZ**.

63.     The acts, failures to act, practices and policies of **SCHOOL** set forth above constitute retaliation in violation of the FCRA.

64.      As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **C. PRAWITZ** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

65.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **C. PRAWITZ** is entitled to all relief necessary to make her whole as provided for under the FCRA.

66.     As a direct and proximate result of **SCHOOL**'s actions, **C. PRAWITZ** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

67.     **C. PRAWITZ** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result

of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of Defendant to be in violation

of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages, and;

viii.   Such other relief as this Court shall deem appropriate.

**COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992-
RETALIATION – A. PRAWITZ**

68.     Plaintiff incorporates by reference Paragraphs 1-25 of this Complaint as though
fully set forth below.

69.     **A. PRAWITZ** is the spouse of **C. PRAWITZ**, who is a female a person and, as
such, is a member of a protected class.

70.     At all material times, both **A. PRAWITZ** and **C. PRAWITZ** were employees and
**SCHOOL** was their employer covered by and within the meaning of the FCRA.

71.     **A. PRAWITZ** was qualified for the positions that he held with **SCHOOL**.

72.     **C. PRAWITZ** endured continuous sexually explicit comments, harassment,
inappropriate discipline, disparate treatment and inappropriate threats on her employment while
employed with **SCHOOL**, thereby altering the terms and conditions of her employment and
creating a hostile work environment, which, after **C. PRAWITZ** complained, caused the
separation of her employment with the **SCHOOL**.

73.     **C. PRAWITZ** complained to **SCHOOL** about the sexual harassment, hostile
environment, violation of policies and retaliation, and **SCHOOL** clearly observed her growing
discomfort concerning the same.

74.     **C. PRAWITZ** 's complaints constitute a protected activity because her complaints were concerning an unlawful activity of **SCHOOL**.

75.     Said protected activity was the proximate cause of **SCHOOL**'s negative employment actions against **A. PRAWITZ** which created a working environment that was toxic.

76.     Instead of preventing said treatment, **SCHOOL** retaliated against **A. PRAWITZ**.

77.     The acts, failures to act, practices and policies of **SCHOOL** set forth above constitute retaliation in violation of the FCRA.

78.      As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **A. PRAWITZ** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

79.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **A. PRAWITZ** is entitled to all relief necessary to make him whole as provided for under 42 USC § 2000e et seq.

80.     As a direct and proximate result of **SCHOOL**'s actions, **A. PRAWITZ** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

81.     **A. PRAWITZ** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.  Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.  Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.  Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.  Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.  Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.  Reasonable attorney's fees plus costs;

vii.  Compensatory damages, and;

viii.  Such other relief as this Court shall deem appropriate.

## **DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF**

Plaintiffs respectfully demand a jury trial under Federal Rule of Civil Procedure 38 on all counts and pray for judgment against **SCHOOL**.

Respectfully submitted,

Dated: August 6, 2019

**s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiffs
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com